

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 0860 | DATE | 8/18/2003 |
| CASE TITLE | Jodi & Burl Thornton vs. Holiday Inn, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to transfer (3-1) this action to the U.S. District Court for the Eastern District of Michigan is granted. The Clerk of the Court is directed to transfer the above cause of action to the U.S. District Court for the Eastern District of Michigan. The status hearing set for 8/21/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 19 2003 | 9 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/18/2003 | |
| GL | courtroom deputy's initials | 03 AUG 18 PM 3:50 Date/time received in central Clerk's Office | date mailed notice GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jodi and Burl THORNTON )
)
       Plaintiffs, )
)
v. ) No. 03 C 0860
)
HOLIDAY INN, Livonia, Michigan, a )
Franchise of MERISTAR HOTEL and )
RESORTS INC., doing business as SIX )
CONTINENTS HOTELS, INC., a Georgia )
Corporation doing business in Illinois and )
Michigan, )
)
       Defendants. )

DOCKETED
AUG 19 2003

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge.

On February 5, 2003, Plaintiffs Jodi and Burl Thornton (the "Thorntons") filed a diversity suit in this Court alleging personal injury due to the negligence of Defendant Holiday Inn of Livonia, Michigan ("Defendant" or "Holiday Inn"). Currently before the Court is Defendants' motion to transfer venue to the federal district court encompassing Livonia, Michigan. For the reasons set forth below, we grant Defendants' motion for transfer of venue.

## I. BACKGROUND

Plaintiffs Jodi and Burl Thornton are residents of Illinois. Mrs. Thornton is a flight attendant for U.S. Airways, a commercial airline carrier based in Pennsylvania. Defendant Holiday Inn of Livonia, Michigan is a franchise of Meristar Hotel and Resorts Incorporated, which does business as Six Continents Hotels, Incorporated. Six Continents Hotels, Inc. is a Georgia corporation conducting business in both Illinois and Michigan.

In December of 2001, Mrs. Thornton and some of her fellow employees were paying patrons of Holiday Inn prior to a flight from Detroit, Michigan to Charlotte, North Carolina. During her stay at the Holiday Inn, Mrs. Thornton fell and fractured her elbow as she walked to a shuttle van parked outside the hotel's entrance. Plaintiffs claim that Mrs. Thornton's injuries were the result of Defendants' negligent maintenance of the hotel's egress and outdoor lighting. *See* Pls.' Resp. at ¶¶5-6. On February 5, 2003, Plaintiff filed her complaint in this Court claiming that we had diversity jurisdiction over this matter. On June 24, 2003, Defendant filed a motion to transfer venue pursuant to 28 U.S.C. §1391(a) ("Section 1391") and Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, we grant Defendants' motion to transfer venue to the Eastern District of Michigan, the federal district encompassing Livonia, Michigan.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b), venue must be proper before a court can assert jurisdiction over the matter. Where federal jurisdiction is founded solely on diversity of citizenship, a civil action may be brought only in: "(1) a judicial district where any Defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action as situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." *See* 28 U.S.C.A. §§1391(a)(1)-(3). The plaintiff has the burden of proving proper venue. *See Grantham v. Challenge-Cook Bros. Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970).

Plaintiffs have failed to carry their burden of proving that venue is proper in the Northern District of Illinois. We cannot find venue in Illinois proper under §1391(a)(1), which provides for venue in any district where a defendant resides, so long as all defendants reside in the same district. It is conceivable that,

based on the corporate structure of the Holiday Inn, the hotel and its parent companies are all "residents" of Illinois, for purposes of §1391(a)(1). The Plaintiffs, however, have not provided the Court with any evidence to support such a finding, choosing instead to focus on the issue of forum non conveniens. We therefore have no choice but to conclude that venue in Illinois is not proper under §1391(a)(1).

Furthermore, under Section 1391(a)(2), venue is proper in the Eastern District of Michigan, not the Northern District of Illinois. The Eastern District of Michigan is the judicial district in which a substantial part of the events giving rise to Mrs. Thornton's injuries took place. By Plaintiffs' own admissions, Defendants' negligence and Mrs. Thornton's subsequent fall occurred in Livonia, Michigan. No part of the events giving rise to Mrs. Thornton's injuries occurred in Illinois.

Section 1391(a)(3) is irrelevant because we may base venue upon this subsection only where §1391(a)(1) and (2) do not apply.

## III. CONCLUSION

For the reasons set forth above, we grant Defendant's motion to transfer the action to the United States District Court for the Eastern District of Michigan. It is so ordered.

---
Marvin E. Aspen
District Court Judge

Dated: 8/18/03